Taliaferro, J.
This is an hypothecary action against.the defendant as third possessor of property formerly owned by Richard Nugent and surrendered by him in bankruptcy, and sold by his assignee to James H. McKee, and by him to the present defendant.
The defendant filed a peremptory exception to plaintiff’s action and answered, calling his vendor in warranty. McKee filed an answer and peremptory exception, and called E. E. Norton, assignee, in warranty. The latter made no appearance.
The defendant pleads the prescription of ten years against both the judgment and mortgage by which the plaintiff seeks to enforce his hypothecary claim against the property described in his petition. There was judgment in favor of the defendant, and plaintiff appeals.
-It appears that the plaintiff obtained a judgment against Richard Nugent et al. on the twenty-ninth of May, 1863. Richard Nugent was adjudged bankrupt on the twenty-second of December, 1868, and discharged from all debts and claims provable against his estate, and which existed on the twenty-ninth of February, 1868, when his petition was filed.
In May, 1873, proceedings were taken in the Sixth District Court of *252 New Orleans to revive the judgment obtained by the plaintiff against Richard Nugent, and resulted in a decree in the plaintiff’s favor on the twenty-fourth of June, 1873.
In the proceedings in the Sixth District Court to revive the judgment citation was made on Richard Nugent, then an adjudged bankrupt, and discharged from all liability on the judgment and having no interest whatever in the matter.' Citation was, therefore, null, and the nullity of the judgment rendered upon it followed.
This case is similar to that of Kennedy v. Rust, 25 An. 554, in which a curator ad hoc was appointed to represent Rust, an absentee and discharged bankrupt, like Nugent. This court held the citation null,, and that the judgment rendered was of no effect. See also case of Brigham v. Norsnothy, 25 An. 600. The plea of prescription in the case now under consideration was well taken and must prevail.
It is therefore ordered that the judgment of the district court be affirmed with costs.
Rehearing refused.